UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANNA SCHUDDE, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>DREAM GAMES TEKNOLOJİ ANONİM ŞİRKETİ,<br><br>          Defendant. | Case No. 2:24-cv-01215-RSM<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER** |

ESI STIPULATION
Case No. 2:24-cv-01215-RSM

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.     General Principles**

1.     An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.     As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.     ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1.     Custodians. The ten custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.  If either party reasonably believes that less than ten custodians are likely to have discoverable ESI in their possession, custody, or control, the parties shall timely confer to attempt to reach agreement on the appropriate number of custodians for each party.

2.     Non-custodial Data Sources. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

ESI STIPULATION
Case No. 2:24-cv-01215-RSM

3.    Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.    Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

5.    Foreign data privacy laws.  Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679.  The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

**C.    ESI Discovery Procedures**

1.    On-site inspection of electronic media. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.    Search methodology. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

a.    Prior to running searches:

ESI STIPULATION
Case No. 2:24-cv-01215-RSM

i.      The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

ii.      After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

3.      <u>Format.</u>

a.      ESI will be produced to the requesting party with searchable text. When practicable, ESI will be produced as single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files). If a party believes that single-page TIFFs are not practicable, the parties shall confer regarding an acceptable format for production. Other acceptable formats for production of ESI may include, but are not limited to, native files, and searchable PDF.

b.      Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format or spreadsheet, csv, or flatfile.

c.      Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d.      If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

ESI STIPULATION
Case No. 2:24-cv-01215-RSM

e.    The parties shall produce their information in the following format: single-page images and associated multi-page text files containing extracted text or with appropriate software load files containing all information required by the litigation support system used by the receiving party.

f.    The parties shall produce their information with bates number information.

4.    <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

5.    <u>Email Threading.</u>  The Parties may use email threading to organize ESI and to review and produce only the most inclusive versions of email chains and those versions that contain unique attachments.

6.    <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged:  begattach; endattach; document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; conversation index; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

**D.    Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

ESI STIPULATION
Case No. 2:24-cv-01215-RSM

1.      Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2.      The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3.      Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:[1]

a.      Deleted, slack, fragmented, or other data only accessible by forensics.

b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e.      Back-up data that are duplicative of data that are more accessible elsewhere.

---

[1] The omission of any category of ESI from the above-enumerated list shall not be construed to impose on any party an affirmative obligation to preserve ESI beyond those obligations required by law, including the Federal Rules of Civil Procedure. Nor shall such omission require any party to affirmatively implement preservation measures not used in the ordinary course of business and that would impose an undue burden on the preserving party.

ESI STIPULATION
Case No. 2:24-cv-01215-RSM

f.    Server, system or network logs.

g.    Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.    Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

i.    Text messages.

j.    Dynamic fields of databases or log files that are not retained in the usual course of business and that would require extraordinary affirmative measures to preserve.

k.    Automatically saved versions of files (e.g., Microsoft Office documents and emails) that are not retained in the usual course of business and that would require unduly burdensome affirmative measures to preserve.

**E.    Privilege**

1.    A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient

ESI STIPULATION
Case No. 2:24-cv-01215-RSM

information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.

2.      Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3.      With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.      Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

6.      The entry of this ESI Order does not, on its own, obligate Defendant to produce software code, software components, game logic, operating systems, algorithms or other means for

ESI STIPULATION
Case No. 2:24-cv-01215-RSM

computation or operation of a game or gaming platform, which shall be subject to separate discovery requests and the terms of a separate protocol entered or to be entered in this matter, with all objections reserved.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 13th day of May, 2026

/s/Vanessa Soriano Power
Vanessa Soriano Power (WSBA No. 30777)
vanessa.power@stoel.com
STOEL RIVES LLP
600 University St.
Ste 3600
Seattle, WA 98101
Tel: (206) 624-0900

Steven Feldman (*pro hac* vice)
steve.feldman@lw.com
Sara Margolis (*pro hac* vice)
sara.margolis@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200

Johanna Spellman (*pro hac* vice)
johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 777-7039

H. Josh Ji (*pro hac* vice)
josh.ji@lw.com
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel: (714) 540-1235

*Attorneys for Defendant Dream Games
Teknoloji Anonim Şirketi*

ESI STIPULATION
Case No. 2:24-cv-01215-RSM

/s/ Omer Salik
Omer Salik, WSBA No. 60433
osalik@carterarnett.com
8150 N. Central Expressway, Suite 500
Dallas, TX 75206
Telephone: +1 (214) 550-8183

*Attorneys for Plaintiff Janna Schudde*

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: May 18, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ESI STIPULATION
Case No. 2:24-cv-01215-RSM